IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERRY DALE SMITH                                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO.1:14CV195-DAS

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

ORDER AWARDING ATTORNEYS FEES

Before the court is the plaintiff's motion for payment of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In these proceedings, the plaintiff sought judicial review of the final decision of the Commissioner of Social Security, denying a claim for benefits. By judgment dated February 25, 2016, the court remanded this case to the Commissioner for further proceedings. The plaintiff now seeks attorney fees under the EAJA as the prevailing party, asserting the Commissioner's position was not "substantially justified." By the motion and attached exhibits, the plaintiff requests an award of $4,930.86 in attorney fees. The plaintiff also seeks $400.00 for the filing fee and $200.00 for *pro hac vice* costs.

The Commissioner has not opposed the motion, except to object to an award of the costs for *pro hac vice* admissions. The defendant asserts this is an expense that should be borne by counsel and not charged to the client. The plaintiff has not replied to the objection. This court agrees that these fees are more appropriately charged as the attorneys' expense, rather than the clients. *L&A Contracting Company v. Byrd Brothers, Inc.,* 2010 WL 1223321 (S.D. Miss. March 24, 2010). The court therefore finds that the costs allowed should be limited to

1

reimbursement of the $ 400.00 filing fee, and further finds that this cost should be paid out of the Judgment Fund.

The court, having considered the foregoing and the record of this case, finds a claim for attorney fees is appropriate and the hours claimed are reasonable, but that the calculation of the allowable hourly rate is erroneous under Fifth Circuit precedent. The plaintiff suggests billing all hours at the rate applicable for January 2015, the month when the bulk of the work was done on this appeal. This is a reasoned approach since almost all of the work was performed in 2015 and the cost of living has been fairly stable in the last several years. However, Fifth Circuit Court precedent, while not dictating all the specifics about how the lower courts should adjust for changes in the cost of living, requires cost-of-living adjustments be made to reflect the cost of living applicable for the year in which legal services are rendered. *Perales v. Cassilas*, 950 F.2d 1066, 1076 (5th Cir. 2010).

The following is a breakdown of the hours of work broken down by year and the appropriate hourly rate, and the calculation of the attorneys fees that should be paid pursuant to EAJA.

| Year | Hours | Hourly Rate | Amount |
|---|---|---|---|
| 2014 | .7 | $ 189.10 | 132.37 |
| 2015 | 25.4 | $ 188.77 | 4,794.76 |
| April. 2016 | .4 | $ 190.27 | 76.11 |
| May 2016 | .9 | $ 191.03 | 171.93 |
| | | | $ 5,175.17[1] |

---

[1] For 2014 and 2015, the calculations are made by multiplying $ 125.00 by the annual CPI-U, All items Index for the South Region, then dividing the product by 152.4, the CPI-U South Region, for March 1996, the effective date of the

Plaintiff further seeks to have the EAJA award payable directly to counsel. If the Commissioner determines that the EAJA award is not subject to offset to satisfy any pre-existing debt by the plaintiff to the federal government, then the EAJA fee award shall be made payable directly to plaintiff's counsel.

Finally plaintiff requests an order setting the time for the filing of a § 406(b) petition, in the event the plaintiff prevails at the administrative level after the remand. The court finds this part of the motion should also be granted.

**IT IS ORDERED** that the plaintiff's motion for payment of attorney fees under EAJA is hereby **GRANTED**, and the Commissioner shall pay the plaintiff $ 5,175.17 for reasonable attorneys fees. The plaintiff is also entitled to $400.00 in court costs from the Judgment Fund. If the Commissioner determines that this EAJA award is not subject to offset due to existing debt of the plaintiff to the federal government, the award shall be made directly payable to counsel. In the event of a favorable determination at the administrative level, following remand, an application for fees under § 406(b) shall be filed within thirty days of receipt of the Notice of Award.

**SO ORDERED** this the 30th day of June, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

revised EAJA. Because there are no annual or semi-annual CPI-U (South Urban) numbers at the present time, the court has used the April, 2016 index number of 231.975 in calculating the rate for services in that month. The May, 2016 figure is 232.906